IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lillian Vignola, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| 151 North Kenilworth Condominium Association, Pamela Park, | ) | |
| and Kovitz Shifrin Nesbit, A Professional Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Lillian Vignola (Ms. Vignola) is 94-year-old woman who has disabilities. She owns a condominium, Unit 6J, that is part of the 151 North Kenilworth Condominium Association.

In 2014, at age 93, Ms. Vignola suffered a fall in her home. She incurred serious injuries and had to move into a facility with trained, 24-hour-per-day staff to provide rehabilitative care. She plans to return to her home.

Because Ms. Vignola's disability requires her to live away from her home for a prolonged period of time, she sought to recoup some of the expenses of maintaining her home while she is away from it by renting it out. However, the 151 North Kenilworth Association (Defendant Association) has refused to accommodate her request for the reasonable accommodation of being allowed to rent her home. Her efforts to obtain the accommodation have been in furtherance of the Fair Housing Amendments Act of 1988 (Fair Housing Act) and the Americans with Disabilities Amendments Act (ADA).

Defendant Association has refused to allow the reasonable accommodation Ms. Vignola has requested. To the contrary, its attorneys, Pamela Park and Kovitz, Shifrin, Nesbit, A Professional Corporation (Defendants Park and KSN) have unlawfully demanded "proof" of Ms.

1

Vignola's disability even though it is an obvious disability—one requiring an extended stay in a rehabilitation facility. Outrageously, even though Ms. Vignola conceded to the illegal request of Defendants Park and KSN by providing a letter from her doctor confirming her disability, Defendant Association has refused, and continues to refuse, to allow the reasonable accommodation. This refusal threatens Ms. Vignola's ability to maintain her home because she is financially unable to afford both the condominium and the required residential rehabilitation care necessitated by her disability. Without the required residential rehabilitative care, Ms. Vignola will be unable to ever be able to return to live independently in her home. With the required residential rehabilitative care, Ms. Vignola will be unable to continue to afford to own her home and will, therefore, be unable to return to it when her rehabilitation has progressed enough to allow her to do so. But for Defendant Association's illegal and discriminatory actions, Ms. Vignola could offset the cost of owning her home while she resides in the rehabilitation facility and could continue to own her home.

**INTRODUCTION**

1. Ms. Vignola owns her condominium unit at 151 North Kenilworth, Unit 6J, Oak Park, Illinois 60301-1271.

2. The condominium described herein is part of Defendant 151 North Kenilworth Condominium Association (Defendant Association). Ms. Vignola has communicated with the Association many times, including through her attorney, Paul Bernstein. **EXHIBIT A – BERNSTEIN CORRESPONDENCE.**

3. The Association hired attorneys, Defendants Pamela Park (Defendant Park) and Kovitz Shifrin Nesbit, A Professional Corporation (Defendant KSN). At various times, Defendants Park and KSN demanded Ms. Vignola provide "proof" of her disability as a

condition of considering her request for a reasonable accommodation even though her disability is obvious, requiring a lengthy stay in a residential rehabilitation facility. **EXHIBIT B – CORRESPONDENCE REQUIRING PROOF OF DISABILITY.**

4.  In denying Ms. Vignola's request, Defendant Association has cited rules that no one can lease a unit in the building unless and until the property has been listed for sale for one year. **EXHIBIT C – CORRESPONDENCE CITING ALLEGED RULE.**

5.  Ms. Vignola has requested that the stated rule, requiring listing the condominium be listed for one year before it can be leased, as a reasonable accommodation for her disability. **EXHIBIT A**. Namely, she plans to return to her home after her stay in a residential rehabilitation facility necessitated by her disability. If she listed the home for sale and sold it, she would be unable to return to it—being forced to give up her home solely on account of her disability and the attendant need for a stay in a residential rehabilitation facility for care because of the disability.

6.  In fact, the requirement the property be advertised for sale for a year is illusory and, on information and belief, is a pretextual reason to prevent Ms. Vignola from leasing her home and maintaining it, rather than selling it, so she can move back into it. The requirement of listing the unit for sale does not appear in the First Amendment of Declaration of Condominium Ownership and of Easements, Restrictions, and By-Laws of 151 North Kenilworth Condominium Association filed with the Cook County Recorder of Deeds on or about September 14, 1987. **EXHIBIT D – BY-LAWS**.

7.  The illusory requirement was cited by Michael Shifrin of Defendant KSN in an email message to Ms. Vignola's attorney, Mr. Bernstein, on September 10, 2014. **EXHIBIT E – KSN TO BERNSTEIN EMAIL MESSAGE.**

8. The by-laws contain an impermissible and unreasonable limit on occupancy of two persons per bedroom in violation of the Fair Housing Act's prohibition of familial-status discrimination. **Exhibit D.**

**PARTIES, JURISDICTION AND VENUE**

9. Defendant 151 North Kenilworth Condominium Association is an Illinois corporation registered as not-for-profit corporation.

10. Defendant Pamela Park is an attorney licensed in the State of Illinois. On information and belief, she works for Defendant Kovitz Shifrin Nesbit, A Professional Corporation.

11. Defendant Kovitz Shifrin Nesbit, A Professional Corporation is an Illinois corporation.

12. All of the facts set forth in this Complaint took place in the County of Cook and State of Illinois.

13. The subject property is located in the Village of Oak Park, County of Cook, State of Illinois.

14. This matter involves a Federal Statute, the Fair Housing Act. This is an action for violation of 42 U.S.C. § 3601 *et seq.* This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question).

15. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendants are a corporations and people subject to personal jurisdiction this district.

**SUBSTANTIVE ALLEGATIONS**

4

16. At all relevant times, Plaintiff Lillian Vignola was and is a person with a disability and protected by the Fair Housing Act as amended in 1988. Her disability directly affects her mobility and, for the time being, her ability to live outside of a rehabilitation facility.

17. Ms. Vignola lives in the subject property, and she only left when she acquired her disability by falling in the subject property. She is undergoing 24-hour care in a rehabilitation facility to regain the capacity to live alone and return to her home.

18. In 2014, Ms. Vignola, at age 93, experienced a fall that required her to undergo rehabilitation.

19. Throughout 2014, after it became apparent that Ms. Vignola would need to stay in a rehabilitation facility, she began asking Defendant Association to allow a reasonable accommodation: allowing her to rent out her home without first advertising it for sale. She did not want to advertise the home for sale, because she will return to the home after undergoing rehabilitation. Some of her requests were made through her attorney, Mr. Bernstein. **EXHIBIT A**.

20. The Association denied, and continues to deny, the request, citing a requirement that the property be listed for sale for one year before it can be leased. **EXHIBIT C**.

21. Ms. Vignola's home will not be available for her to return to as planned if she lists it for sale and it is sold, so allowing her to lease it without first listing it for sale is a reasonable accommodation of her need to offset the costs of both paying to maintain her condominium and to live in the 24-hour rehabilitation care facility her disability presently requires.

22. On information and belief, the requirement the home be advertised for sale for one year before it can be leased is illusory. It does not appear in the Condominium By-Laws. **EXHIBIT D**.

23. Outrageously, Defendants Park and KSN demanded "proof" of Ms. Vignola's disability (**EXHIBIT B**) even though the disability is obvious, requiring she stay in a rehabilitation facility. Ms. Vignola complied with the illegal request (**EXHIBIT F – CORRESPONDENCE FROM DOCTOR**), yet has still been denied the requested reasonable accommodation of being allowed to lease her home until she is able to return to it.

24. Through the present time, Ms. Vignola is still unable to lease out her home and is unable to use it because of her disability requires she, temporarily, receive 24-hour services in a rehabilitation facility.

25. If Ms. Vignola does lease out her home, the by-laws purport to require her to violate the Fair Housing Act by unreasonable limiting occupancy.

I.     CAUSE OF ACTION:     VIOLATION OF THE FAIR HOUSING ACT BY DEFENDANT ASSOCIATION

26. As set forth above, Defendant Association has been notified of Ms. Vignola's request for a reasonable accommodation of being allowed to temporarily lease her home until she is ready to return to it.

27. Defendant Association, by failing to allow the reasonable accommodation has rendered the premises inaccessible to Ms. Vignola on the basis of her disability in violation of the Fair Housing Act 42 U.S.C. § 3601 *et seq*. Namely, Ms. Vignola is unable to recoup the cost of owning the condominium during the time she must also pay for disability-related 24-hour rehabilitation care in a facility.

28. The conduct of Defendant Association, through its agents, described above, constitutes a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

29. Ms. Vignola has been injured by defendant's discriminatory actions as described above and is an aggrieved persons as defined in 42 U.S.C. § 3602(i). She has suffered damages as a result of Defendant's, Association's, discriminatory conduct.

30. Defendant Association's conduct has been intentional, willful, and taken in disregard of the rights of Ms. Vignola.

WHEREFORE, Plaintiff Lillian Vignola prays this Honorable Court award in her favor and against Defendant 151 North Kenilworth Condominium Association actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate.

## II. VIOLATION OF THE FAIR HOUSING ACT'S PROHIBITION ON FAMILIAL-DISCRIMINATION BY DEFENDANT ASSOCIATION

31. Ms. Vignola's unit is governed by Association By-Laws. **Exhibit D.**

32 The By-Laws purport to limit occupancy unreasonably to two persons per bedroom. *Id*.

33. If Ms. Vignola leases her home, she will be forced to violate the Fair Housing Act to comply with the By-Laws.

WHEREFORE, Plaintiff Lillian Vignola prays this Honorable Court award in her favor and against Defendant 151 North Kenilworth Condominium Association actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate.

## III. VIOLATION OF THE FAIR HOUSING ACT'S PROHIBITION ON INTERFERENCE, RETALIATION, OR INTIMIATION, 42 U.S.C. § 3617 BY DEFENDANTS MS. PARK AND KSN

34. Ms. Vignola was at all relevant times pursuing her rights under the Fair Housing Act when she was told by Defendants Ms. Park and KSN she had to "prove" she had a disability (**EXHIBIT B**) even though her disability was obvious, requiring 24-hour care in a rehabilitation facility. She was securing housing rights under 42 U.S.C. § 3604 *et seq*. Defendants' acts violate 42 U.S.C. § 3617, which provides:

> "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account

of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

35. Ms. Vignola was absolutely not required to "prove" the existence of her obvious disability to secure her fair housing rights, and demanding she do so interfered with her fair housing rights.

WHEREFORE, Plaintiff Lillian Vignola prays this Honorable Court award in her favor and against Defendants Pamela Park and Kovitz Shifrin Nesbit, A Professional Corporation, jointly and severally, actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate.

### REQUEST FOR DECLARATORY RELIEF

36. Ms. Vignola, on one hand, and Defendants, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

37. Ms. Vignola has an interest in and a right to an accessible home, including the reasonable accommodation to be allowed to rent it temporarily so she can maintain it while she undergoes disability-related care in a rehabilitation facility.

38. Ms. Vignola is entitled to a declaration, *inter alia,* that Defendants cannot prevent her from temporarily leasing her home while she undergoes disability-related care in a rehabilitation facility and that the prohibition on occupancy by more than two people per bedroom is null and void.

**JURY DEMAND**

Plaintiff Lillian Vignola hereby demands a trial by jury on all claims and issues which have a right for a jury to render judgment.

WHEREFORE, Ms. Vignola prays that the Court enter an ORDER that:

1. Declares that the actions of the Defendants described herein constitute violations of the Fair Housing Act;

2. Enjoins the defendants, their officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to prevent Ms. Vignola from leasing her home or from enforcing the occupancy limitation;

3. Requires such actions by the Defendants as may be necessary to restore all persons aggrieved by Defendants' discriminatory housing practices to the position they would have occupied but for the Defendants' discriminatory conduct;

4. Awards monetary damages for actual, compensatory, pain and suffering, and attorney's fees and costs of bringing this action.

5. For such other relief as justice may require.

      Respectfully submitted,

      LILLIAN VIGNOLA

      By: /s/Kelli Dudley
      Kelli Dudley, Attorney for Plaintiff Lillian Vignola

Paul Bernstein
333 East Ontario Street, Suite 2102-B
Chicago, Illinois 60611-4872

Kelli Dudley, The Law Office of Kelli Dudley
1658 Milwaukee Avenue, #100-8377
Chicago, IL 60647
P: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068