UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILLIAN VIGNOLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 16-cv-00713 ) |
| 151 NORTH KENILWORTH CONDOMINIUM ASSOCIATION, PAMELA PARK, and KOVITZ SHIFRIN NESBIT, a Professional Corporation. | ) Honorable Andrea R. Wood ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
KOVITZ SHIFRIN NESBIT AND PAMELA PARK'S MOTION TO
DISMISS THE THIRD CAUSE OF ACTION OF PLAINTIFF'S COMPLAINT**

Defendants, Kovitz Shifrin Nesbit ("KSN") and Pamela Park ("Park") (collectively, the "KSN Defendants"), by their attorneys, Cozen O'Connor, and pursuant to Fed. R. Civ. P. 12(b)(6), submit this Memorandum of Law in Support of Their Motion to Dismiss the Third Cause of Action of Plaintiff's Complaint.

I. **INTRODUCTION**

Plaintiff's claim against the KSN Defendants should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff cannot prove any set of facts consistent with her allegations which would entitle her to relief. Plaintiff brings her Complaint and Request for Injunctive Relief ("Complaint") under the Fair Housing Act (the "Act"), arising from injuries allegedly suffered after a fall in her home. Plaintiff alleges that her injuries required her to move into a 24-hour rehabilitative care center. The Declaration governing the Association requires that

a condo be listed for sale for at least one year prior to an owner being permitted to lease the condo. Because of her financial inability to pay for her condo and simultaneously cover the costs of the rehabilitative care center, Plaintiff alleges that she unsuccessfully sought a "reasonable accommodation" from the Association which would allow her to rent out her home without first advertising it for sale. Movants, the attorneys for the Association, provided legal representation to the Association relating to Plaintiff's efforts to obtain permission to lease her condo.

Plaintiff's third cause of action—the sole claim against the KSN Defendants—alleges that KSN and Park, as attorneys for the Association, violated the Act by requesting documentation on behalf of the Association relating to Plaintiff's purported injuries. However, in the absence of evidence of an independent act outside the scope of their legal representation, the KSN Defendants' garden-variety legal advice and representation of the Association alleged here cannot give rise to a claim under the Act. Plaintiff's claim fails for the additional reason that the KSN Defendants' request for information from Plaintiff was entirely proper under the Act. Moreover, even if Plaintiff had a viable claim against the KSN Defendants—which she does not—her Complaint fails to allege any facts suggesting a pattern of invidiously motivated harassment which is necessary to state a claim under the Act. Therefore, Plaintiff's third cause of action should be dismissed with prejudice.

## II. RELEVANT ALLEGATIONS

Plaintiff is a 94 year old woman residing in the Association. (*See* Compl., Dkt. No. 1, at p. 1). In 2014, Plaintiff allegedly experienced a fall that required her to undergo 24-hour care in a rehabilitation facility. (*Id.*, ¶¶ 17-18). Plaintiff alleges that she intends to return to her condo once she regains the capacity to live alone. (*Id.*, ¶ 17). However, Plaintiff alleges that she is financially unable to afford both the condo and the required 24-hour rehabilitation care. (*Id.*, p. 1).

The Association has a policy in place which requires a homeowner to list his or her property for sale for at least one year prior to being given permission to lease the property. (Compl., ¶¶ 4, 20). Plaintiff alleges that she began asking the Association for a "reasonable accommodation" under the Act that the Association allow her to rent out her home without first advertising it for sale. (*Id.*, ¶ 19). Plaintiff alleges that if the accommodation is not granted, she may lose her home:

> [Plaintiff's] home will not be available for her to return to as planned if she lists it for sale and it is sold, so allowing her to lease it without first listing it for sale is a reasonable accommodation of her need to offset the costs of both paying to maintain her condominium and to live in the 24-hour rehabilitation care facility her disability presently requires.

(*Id.*, ¶ 21).

The KSN Defendants herein provided legal representation as attorneys to the Association relating to Plaintiff's efforts to obtain permission to lease her condo. In connection with Plaintiff's request, KSN—on behalf of the Association—sought additional information from Plaintiff's physician in order to allow the Association to better evaluate the request. (*Id.*, ¶¶ 3, 23, 34). Plaintiff attaches to her Complaint a single letter from KSN to Plaintiff's attorney, dated November 26, 2014, requesting such documentation:

> Before making a decision on this request, **the Board would like to review documentation** from your client's physician identifying her physical disability and why she needs to move out of her unit. Upon receipt of this information, **I will share it with the Board** and a decision will be forthcoming.

(Compl., Ex. B) (emphasis added). Plaintiff obliged to KSN's request for documentation in a letter from her attorney, dated December 12, 2014: "A letter from Dr. Clifford dated December 2, 2014 is enclosed for your reference and consideration." (Compl., Ex. A, at 12/12/14 letter). The doctor's note enclosed stated, in relevant part:

> [Plaintiff] is a patient under my medical care. This 93 year old woman suffered a right intertrochanteric femur fracture. She is now in a permanent care facility as she is unable to care for herself. I anticipate that she will not be returning to an

> independent living situation and will require the full time supervision of an assisted living program.

(Compl., Ex. F). The Association ultimately denied Plaintiff's request to be allowed to lease her condo without first listing it for sale for one year. (*Id.*, ¶ 20).

Plaintiff filed her Complaint on January 18, 2016, asserting a single cause of action against the KSN Defendants. The Complaint's third cause of action, citing the single letter from KSN requesting documentation from Plaintiff's physician, alleges that the KSN Defendants violated the Act by advocating on behalf of their client, the Association, in requesting documentation from Plaintiff's physician. (Compl., ¶¶ 34-35). Specifically, Plaintiff alleges that the KSN Defendants wrongfully asked for additional information regarding Plaintiff's disability "even though her disability was obvious, requiring 24-hour care in a rehabilitation facility." (*Id.*, ¶ 34). This act of lawyer advocacy, Plaintiff asserts, "interfered with [Plaintiff's] fair housing rights." (*Id.*, ¶ 35).

### III. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) should be granted where a complaint fails to state a claim upon which relief may be granted. *Corcoran v. Chi. Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). A complaint should be dismissed for failure to state a claim where "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). While a court must assume that all well-pled allegations in a complaint are true, it need not strain to find favorable inferences which are not apparent on the face of the complaint. *Coates v. Ill. State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Further, a court need not accept as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Young v. Murphy*, 90 F.3d 1225, 1233 (7th Cir. 1996).

## IV. ARGUMENT

### A. An Attorney's Role in Zealously Advocating For a Client Does Not Give Rise to a Claim Under the Fair Housing Act

Plaintiff's third cause of action fails as a matter of law. Absent conduct falling outside the scope of the attorney-client relationship, an attorney's legal advice and representation of a client standing alone does not give rise to a claim under the Act.

"Mere legal representation of a third party who allegedly violated plaintiff's fair housing rights ... does not give rise to an actionable claim." *Novak v. Levenfeld Pearlstein*, 2014 WL 4555581, at *6 (N.D. Ill. Sept. 15, 2014) (citing *Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.*, 151 F. Supp. 2d 1254, 1259 (D. Kan. 2001)). "An attorney is not liable for the actions of a client simply because the attorney provided legal advice to the client." *Zhu*, 151 F. Supp. 2d at 1259.

To be liable under the Act, an attorney must perform some independent act outside the scope of the attorney-client relationship. *Novak*, 2014 WL 4555581 at *7. This principle is necessary for the protection of a lawyer's ethical duty to zealously represent his clients. As the court in *U.S. General, Inc. v. Schroeder*, 400 F. Supp. 713, 717 (E.D. Wis. 1975), recognized in an analogous context:

> [I]t is clear that as a general proposition, attorneys are held to be immune from civil liability under [the Civil Rights Act], even if their clients are not. The Court recognizes that this principle of immunity is grounded upon critical social considerations, for, if an attorney must work in constant fear of civil liability, it is the rights of the public that will suffer. Any such threat of liability visits an obvious chilling effect upon the attorney's enthusiasm to vigorously defend his client's position. The remedies guaranteed by the Civil Rights Act are not to be invoked so as to create a conflict between the attorney's duties to protect himself and to zealously represent his client. As a matter of public policy, the attorney must not be placed in a position where he is compelled to gamble on the outcome of a case, with his own personal liability hanging in the balance.

*Id.*; *see also Yoggerst v. Stewart*, 623 F.2d 35, 38 (7th Cir. 1980) ("An attorney, offering advice in good faith, is not liable for the torts of a client.").

In *Novak*, Judge Chang of this Court held that the plaintiffs there failed to state a claim under the Act against a law firm representing a condominium association because the law firm, as here, was merely acting within the scope of its representation. 2014 WL 4555581. In *Novak*, the plaintiffs were embroiled in a dispute with their condominium association over whether a service dog was allowed on the property. The condominium association's law firm sent letters and attended meetings with the plaintiffs regarding the service dog issue. At one of these meetings, the plaintiffs alleged that one of the attorneys representing the association addressed them in a "threatening tone," and ultimately informed the plaintiffs that the service dog request was denied. *Id.* at *2. The plaintiffs later brought suit against the condominium association's law firm, alleging that they violated the Act by "extensive, continuous harassment." *Id.* at *6. Judge Chang granted the law firm's motion to dismiss for failure to state a claim, finding that an attorney cannot be liable under the Act simply for representing his client. *Id.* The court reasoned that the complaint "merely describes [the law firm] either imparting the position of its client or making a representation on its client's behalf . . . . Without anything more, all that these actions show is [the law firm] carrying out its legal representation of the Association." *Id.*

Similarly, in *Godbole v. Dennis Reis, et al.*, Case No. 15 C 5191, Judge Feinerman granted the KSN Defendants' 12(b)(6) motion to dismiss on identical grounds. (*See* Transcript of 2/12/16 proceedings in *Godbole*, granting KSN Defendants' Motion to Dismiss, attached hereto as Exhibit A).[1] In that case, the plaintiff—represented by the same attorney that represents Plaintiff in the instant case—asserted a claim under the Act against KSN and Park based on their representation

---

[1] In ruling on a 12(b)(6) motion to dismiss, the Court may take judicial notice of public records outside of the pleadings, including court records and proceedings. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

of the underlying condominium association. Judge Feinerman rejected the plaintiff's claim, holding that:

> [T]he KSN defendants took their action . . . solely in their capacity as the association's lawyer. Their actions were squarely within the scope of the representation, and as [*Novak*] convincingly demonstrates, the ordinary representation of a client – of a defendant in an FHA case is not itself an FHA violation.

(*Id.*, at 8:23-9:6).

Just as in *Novak* and *Godbole*, the KSN Defendants here were simply carrying out their legal representation of the Association and cannot be liable under the Act. The letter sent by KSN on which Plaintiff's claim is based expressly states that the request for additional documentation was being made on behalf of the Association Board:

> Before making a decision on this request, **the Board would like to review documentation** from your client's physician identifying her physical disability and why she needs to move out of unit. Upon receipt of this information, **I will share it with the Board** and a decision will be forthcoming.

(Compl., at Ex. B) (emphasis added). This request for documentation was merely the assertion of a legal position by a lawyer acting on a client's behalf. Any such request for additional information from Plaintiff was made strictly for the purpose of allowing the Association to better evaluate Plaintiff's request for a "reasonable accommodation." The KSN Defendants committed no independent act outside the scope of their legal representation of the Association rendering them liable under the Act. As such, Plaintiff's third cause of action fails as a matter of law.

### B. The KSN Defendants' Request For Information Was Proper

Plaintiff's claim against the KSN Defendants is brought under the auspices of § 3617 of the Act, which provides that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having added or encouraged any other person in the exercise or

enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. §3617. Plaintiff's Complaint concludes—without any factual or legal support—that KSN's request for documents from Plaintiff's physician somehow "interfered" with Plaintiff's rights under the Act because her disability was "obvious, requiring 24-hour care in a rehabilitation facility". (Compl., ¶ 34). However, Plaintiff's legal conclusion is belied by the facts alleged and exhibits attached.

First, the extent of Plaintiff's disability was not obvious to the KSN Defendants. Plaintiff sought a "reasonable accomodation" from KSN's client, the Association, asking that the Association allow her to contravene the Association's policies and immediately rent out her condo for an extended period of time. It is reasonable that KSN, on behalf of the Association, would seek information relating to the severity of Plaintiff's injuries and the approximate length of time she would be unable to live in her condo, in order to better evaluate her request. (*See* Compl., Ex. B).[2] KSN's request was entirely proper under the Act.

Moreover, as is clear from the correspondence attached to Plaintiff's Complaint, Plaintiff adhered to KSN's request for documentation without hesitation. The request by KSN was sent on November 26, 2014. (Compl., Ex. B). About two weeks later, on December 12, 2014, Plaintiff's attorney responded with correspondence enclosing a letter from her physician. Plaintiff's assertion that KSN's advocacy somehow "interfered" with her rights under the Act is puzzling given that Plaintiff swiftly and willingly complied with KSN's request for information.

Plaintiff's sole cause of action against the KSN Defendants lacks merit and should be dismissed with prejudice.

---

[2] Indeed, contrary to Plaintiff's allegations, the doctor's note attached to Plaintiff's Complaint indicates that she likely will be unable to return to an independent living situation. (Compl., Ex. F).

### C. Plaintiff Has Also Failed to Allege a Pattern of Invidiously Motivated Harassment Sufficient to Support a Claim Under The Act

To prevail on a claim under § 3617 of the Act, "a plaintiff must show that (1) she is a protected individual under the [Act], (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the [Act], and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). An isolated act of discrimination is insufficient to state claim; rather, there must be "a pattern of harassment, invidiously motivated." *Id.*

Plaintiff's third cause of action fails for the additional reason that it is utterly devoid of any facts suggesting that the KSN Defendants engaged in a pattern of "invidiously motivated harassment." Here, based on Plaintiff's own allegations, the KSN Defendants were motivated by their legal and ethical duty to zealously represent their clients, not to discriminate against Plaintiff.

Moreover, no pattern of improper conduct is alleged. The Complaint is based solely on a request by KSN for documentation from Plaintiff's physician so that the Association Board could further evaluate Plaintiff's request for an accommodation. (Complaint, ¶¶ 23, Ex. B). These allegations fail to establish a pattern of harassment. Indeed, the letter attached to Plaintiff's Complaint plainly indicates that its purpose was not to discriminate, but to perform due diligence on behalf of the Association to better evaluate Plaintiff's request. Plaintiff's claim is meritless, and should be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendants, Kovitz Shifrin Nesbit and Pamela Park, respectfully request that this Court enter an Order granting their Motion to Dismiss, dismissing the third cause

of action of Plaintiff's Complaint with prejudice, and granting such other and further relief as it deems just and proper.

Dated this 1st day of April, 2016.

                        Respectfully submitted,

                        KOVITZ SHIFRIN NESBIT and
                        PAMELA PARK

By:      */s/ Corey T. Hickman*
                One of their Attorneys

Steven D. Pearson
Corey T. Hickman
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900 - telephone
(312) 474-7898 – facsimile

## CERTIFICATE OF SERVICE

I, Corey T. Hickman, hereby certify that on the 1st day of April, 2016, I filed the foregoing **Memorandum of Law in Support of Defendants Kovitz Shifrin Nesbit and Pamela Park's Motion to Dismiss the Third Cause of Action of Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Corey T. Hickman*

LEGAL\26186516\1