IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lillian Vignola, | ) | No.: 16 cv 02496 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| 151 North Kenilworth Condominium Association, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT**
**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

Plaintiff Lillian Vignola (Vignola) brings this action against the Defendant 151 North Kenilworth Condominium Association (Condo Association) for violations of the 1968 Fair Housing Act as amended in 1988 (FHA) 42 U.S.C. §§ 3601 *et seq.*, for intentional discrimination denying her a reasonable accommodation based on her disabilities that would allow her to lease the condo unit in the 151 North Kenilworth condominium building which has been her home (condo home) and allow her to move back into her uniquely-accessible condo home when she is able. She also prays for relief from the Association applying guidelines and procedures in a manner that had and has a disparate impact because of disability in violation of the FHA.

**PARTIES, JURISDICTION AND VENUE**

1. Defendant 151 North Kenilworth Condominium Association is an Illinois Corporation registered as not-for-profit Corporation.

2. All of the facts set forth in this Complaint took place in the County of Cook and State of Illinois.

1

3. The subject property is located in the Village of Oak Park, County of Cook, State of Illinois.

4. This matter involves a Federal Statute, the Fair Housing Act, and is an action for violation of 42 U.S.C. § 3601 *et seq.*

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question).

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant is a corporations and person subject to personal jurisdiction in this district.

**BACKGROUND**

7. Vignola is a 94-year-old woman who has disabilities.

8. In 2013, at the age of 93, Vignola fell in her condo home, Unit 6J that she owns in the 151 North Kenilworth Condominium located at 151 North Kenilworth, in the Village of Oak Park and County of Cook.

9. Vignola incurred serious injuries, and, since the fall, Vignola has suffered from injury-related disabilities.

10. Vignola has had to move into a facility with trained, 24-hour-per-day staff to provide rehabilitative care.

11. The goal of Vignola's treatment is for her to recover so that she can recover enough to complete her plan to return to her uniquely-accessible condo home.

12. She believes she can live in her uniquely-accessible condo home with her disabilities because she arranged and set it up when she lived there before.

13. Because Vignola's disabilities require her to live away from her home for a prolonged period of time and obtain treatment, she has to take care of her condo home to be able to return.

14. Vignola cannot afford both to maintain her condo home and to pay the costs of the treatment and the rehabilitation facility.

15. Vignola has therefore asked that the Condo Association allow her to lease her condo home because of her disabilities.

16. The Condo Association thus far has maintained that Vignola cannot lease her condo home unless Vignola first lists it for sale for a period of one year.

17. If Vignola were to list the unit and it sold, she would not be able to return to her condo home when her treatment is complete.

18. Vignola would then loose her home solely because of her disabilities and her needs that are disability related.

19. Vignola asked the Association to grant an exception to the list-before lease requirement to allow her to rent her condo home without first listing it for sale.

20. In the first response, the Association requested proof of her disability.

21. Vignola provided proof of her disability.

22. Despite her compliance with that request, the Association denied, and continues to deny, Vignola's request for a reasonable accommodation.

23. Defendant Association has refused to allow the reasonable accommodation Vignola has requested.

24. This refusal threatens Vignola's ability to maintain her condo home because she is financially unable to afford both the expenses and the required residential rehabilitation care necessitated by her disabilities.

25. Without the required residential rehabilitative care, Vignola would be unable to return to live independently in her condo home.

26. With the required residential rehabilitative care and the reasonable accommodation, Vignola would be able to continue to afford to own her home and would, therefore, be able to return to it when her rehabilitation has progressed enough to allow her to do so.

27. But for the Association's discriminatory actions, Vignola could offset the cost of owning her home while she resides in the rehabilitation facility and could continue to own her home.

28. A condition of considering her request for a reasonable accommodation even though her disability is obvious, requiring a lengthy stay in a residential rehabilitation facility. **EXHIBIT A – CORRESPONDENCE REQUIRING PROOF OF DISABILITY.**

29. In denying Ms. Vignola's request, Defendant Association has cited rules that no one can lease a unit in the building unless and until the property has been listed for sale for one year. **EXHIBIT B– CORRESPONDENCE CITING ALLEGED RULE.**

30. Vignola has properly requested that the stated rule, requiring the condominium be listed for one year before it can be leased, be waived, as a reasonable accommodation for her disability.

31. She plans to return to her condo home after her stay in a residential rehabilitation facility necessitated by her disability.

32. If she listed the condo home for sale and sold it, she would be unable to return to it—being forced to give up her unique and accessible home solely on account of her disability, which might also affect the purpose and attendant need for a stay in a residential rehabilitation facility for care because of the disability.

33. In fact, the requirement the condo home be advertised for sale for a year appears may be illusory and, on information and belief, could be a pretextual reason to prevent Vignola from leasing her condo home and maintaining it, rather than selling it, so she can move back into it.

34. The requirement of listing the unit for sale does not appear in the First Amendment of Declaration of Condominium Ownership and of Easements, Restrictions, and By-Laws of the Association. **EXHIBIT C – BY-LAWS**. The illusory requirement was cited in an email message to Vignola's attorney on September 10, 2014.

35. The refusal of the Association to provide a reasonable accommodation has caused great harm to Vignola and will continue to cause great harm to Vignola, both financially and emotionally, because it threatens Vignola's plans and ability to maintain her unique and accessible condo home for her planned return.

36. The harm, if any that the Association has suffered or could possibly suffer by not approving the reasonable accommodation is minimal or non-existent.

37. In addition, the by-laws of the Condo Association contain an impermissible and unreasonable limit on occupancy of two persons per bedroom in violation of the Fair Housing Act's prohibition of familial-status discrimination. **EXHIBIT C.**

# COUNT I

## CAUSE OF ACTION:
## INTENTIONAL DISCRIMINATION BASED ON DISABILITY VIOLATION OF THE FAIR HOUSING ACT BY DEFENDANT ASSOCIATION

38. As set forth above, the Association has been properly notified of Vignola's request for a reasonable accommodation of being allowed to temporarily lease her home until she is ready to return to it.

39. As set forth above, the Association has been notified of Vignola's disabilities.

40. The Association, by failing to allow the reasonable accommodation has rendered the premises inaccessible to Vignola on the basis of her disability in violation of the FHA. Namely, Ms. Vignola is unable to recoup the cost of owning the condominium during the time she must also pay for disability-related 24-hour care.

41. The conduct of the Association, through its agents, described above, constitutes a violation of the FHA.

42. Defendant Association's conduct has been intentional, willful, and taken in disregard of the rights of Ms. Vignola.
See: *Giebler v. M&B Associates 343 F. 3d 1143, 1151 1156 (9th Circuit 2003) HUD/DOJ Joint Statement on Accommodations HUD. Gov; Maxine Feeland v. SIsao LLC, and Elizar Sharabi, 2008 U. S. Dist Lexis 26184 cv-07-3741 U S Dist Ct Eastern District of New York. 2008 WL906746*

WHEREFORE, Plaintiff Lillian Vignola prays this Honorable Court award in her favor and against Defendant 151 North Kenilworth Condominium Association actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate

## COUNT II.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR HOUSING ACT IMPACT BASED ON DISABILITY DISCRIMINATION BY DEFENDANT ASSOCIATION

43. Paragraphs 37 through 41 are repeated herein as if set forth in full.

44. Defendant Associations, procedure and process by failing to allow the reasonable accommodation because of disability has an impermissible impact based on disability.

    *See, Texas Department of Housing and Community Affairs et al. v. The Inclusive Communities Project, Inc., 135 S.Ct. 939 (2015)Ricci v. DeStafano, 557 U. S. 557 (2009), Metropolitan Housing Development Corp. v. Arlington Heights, 558 F. 2d 1283 1289 (CA7 1977), HUD disparate-impact liability 78 Fed. Reg. 1146.*

WHEREFORE, Plaintiff Lillian Vignola prays this Honorable Court award in her favor and against Defendant 151 North Kenilworth Condominium Association actual damages, compensatory damages, punitive damages, and such other /relief as is just and appropriate

## COUNT III

## REQUEST FOR DECLARATORY RELIEF

45. Ms. Vignola, on one hand, and Defendants, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

46. Ms. Vignola has an interest in and a right to an accessible home, including the reasonable accommodation to be allowed to rent it temporarily so she can maintain it while she undergoes disability-related care in a rehabilitation facility.

47. Vignola is entitled to a declaration, *inter alia,* that Defendants cannot prevent her from temporarily leasing her home while she undergoes disability-related care in a rehabilitation facility and that the prohibition on occupancy by more than two people per bedroom is null and void.

## COUNT IV

**VIOLATION OF THE FAIR HOUSING ACT'S PROHIBITION ON FAMILIAL DISCRIMINATION BY DEFENDANT ASSOCIATION**

48. Ms. Vignola's unit is governed by Association By-Laws. **EXHIBIT C.**

49. The By-Laws purport to limit occupancy unreasonably to two persons per bedroom. *Id*.

50. If Vignola leases her condo home, she will be forced to violate the Fair Housing Act to comply with the By-Laws.

WHEREFORE, Vignola prays this Honorable Court award in her favor and against Defendant 151 North Kenilworth Condominium Association actual damages, compensatory damages, punitive damages, and such other relief as is just and appropriate.

## JURY DEMAND

Plaintiff Lillian Vignola hereby demands a trial by jury on all claims and issues which have a right for a jury to render judgment.

WHEREFORE, Ms. Vignola prays that the Court enter an ORDER that:

1. Declares that the actions of the Defendants described herein constitute violations of the Fair Housing Act;
2. Enjoins the defendants, their officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to prevent Ms. Vignola from leasing her home or from enforcing the occupancy limitation;

3. Requires such actions by the Defendants as may be necessary to restore all persons aggrieved by Defendants' discriminatory housing practices to the position they would have occupied but for the Defendants' discriminatory conduct;

4. Awards monetary damages for actual, compensatory, pain and suffering, and attorney's fees and costs of bringing this action.

5. For such other relief as justice may require.

                    Respectfully submitted,

                    LILLIAN VIGNOLA

                    By:    /s/Kelli Dudley
                    Kelli Dudley, Attorney for Plaintiff Lillian Vignola

Paul Bernstein
333 East Ontario Street, Suite 2102-B
Chicago, Illinois 60611-4872

Kelli Dudley, The Law Office of Kelli Dudley
1658 Milwaukee Avenue, #100-8377
Chicago, IL 60647
P: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068